IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICK D. JONES, | * | |
| Plaintiff, | * | |
| v. | * | Case No. RDB 03-CV-443 |
| MARRIOTT INTERNATIONAL, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Courtyard Management Corporation, incorrectly named by Plaintiff as Marriott International, Inc.,[1]/ by and through undersigned counsel, pursuant to Rules 8 and 12, Fed. R. Civ. P., states and alleges as follows for its answer to the "Complaint of Discrimination" of Plaintiff, Patrick Jones.

### FIRST DEFENSE

Defendant admits or denies the correspondingly numbered paragraphs in the Complaint as follows.

Preliminary Paragraph:[2]/   Defendant admits that Plaintiff is a former employee of Defendant and further admits that he purports to bring this lawsuit under Title VII of the Civil Rights Action of 1964 ("Title VII"), and the State of Maryland Human Relations Law. The remaining allegations in the preliminary paragraph are denied.

---

[1]/   Defendant will be filing a Motion to Amend the Caption to reflect the correct Defendant.

1. Paragraph 1 contains no factual allegations to admit or deny. To the extent paragraph 1 contains factual allegations, however, such allegations are denied, except Defendant admits that Plaintiff purports to bring this action under the Title VII and Article 49B of the Maryland Annotated Code, and that this Court has jurisdiction over this lawsuit.

2. Defendant admits that Plaintiff purports to invoke this Court's venue under 28 U.S.C. § 1391(b) and (c). Defendant also admits that it regularly conducts business within this judicial district and admits, upon information belief, that Plaintiff resides within this judicial district. Defendant denies that the "alleged wrongful conduct" occurred as Plaintiff alleges.

3. Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), the contents of which speak for itself, and that it appears that the charge was jointly filed with the State of Maryland Commission on Human Relations. Defendant is without specific knowledge or information to admit or deny the specific date on which Plaintiff filed his charge.

4. Defendant is without specific knowledge or information to admit or deny the date of the administrative actions actually taken by the EEOC.

5. Upon information and belief, Defendant admits the allegations of Paragraph 5 of the Complaint.

6. Defendant is without specific knowledge or information to admit or deny the allegations in Paragraph 6 of the Complaint.

---

[2/] The first paragraph of the Complaint is unnumbered and appears to be an overview of Plaintiff's lawsuit.

7.  Defendant denies that Marriott International, Inc. was Plaintiff's employer. Defendant admits that Courtyard Management Corporation ("Marriott") is a Delaware corporation. The remaining allegations in Paragraph 7 of the Complaint are admitted as to Marriott International, Inc. except that Defendant denies that Marriott International, Inc. is in the food distribution business and further denies the allegations in the final sentence of Paragraph 7.

8.  Defendant admits that Courtyard Management Corporation operates Annapolis Courtyard by Marriott, and admits the remaining allegations in the Complaint describing the Courtyard. Defendant denies that it owns the Annapolis Courtyard by Marriott.

9.  Defendant admits that it employed in excess of fifteen employees during the period of Plaintiff's employment. There are no additional factual allegations in Paragraph 9 of the Complaint to either admit or deny.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits that, during the initial interview with Deidra Davis, the Courtyard General Manager, Plaintiff inquired as to whether he would be permitted to have Sundays off because of religious commitments. The remaining allegations in Paragraph 11 are denied.

12. Defendant admits Deidra Davis informed Jones that he could not have Sundays off on a regular basis because Thomas Davis, the Assistant Chief Engineer, had previously requested Sundays off because he was the pastor of his church. With regard to the allegations contained in footnote 1, Defendant admits that Thomas Davis, the Assistant Chief

Engineer, is the brother-in-law to Deidra Davis and further admits that Mr. Davis, a part-time employee, regularly had Sundays off.

        13.    Defendant admits that Ms. Davis offered, and Plaintiff agreed, that he would work an abbreviated schedule on Sundays whenever possible that would allow him to attend church. The abbreviated schedule would generally be from 7:30 a.m. until 10:30 a.m. on Sundays, and he would generally have Fridays and Saturdays off. Defendant denies that Plaintiff ever requested Saturdays off as a religious accommodation. The remaining allegations in Paragraph 13 are denied.

        14.    Defendant admits that Plaintiff was required to respond to emergencies at any time, and that Plaintiff agreed to be available to respond to any such emergencies, including on Sundays. The remaining allegations in Paragraph 14, if any, are denied.

        15.    The allegations in Paragraph 15 are denied.

        16.    Defendant admits that, subsequent to his hiring, Plaintiff and Ms. Davis spoke regarding his desire to have Sunday afternoons off because he wanted to attend church services. The remaining allegations in Paragraph 16 are denied.

        17.    Defendant admits that, throughout his employment, Ms. Davis made every attempt to fully accommodate Plaintiff's request for an abbreviated schedule on Sunday due to religious reasons, although it sometimes was not possible to accommodate that request. Defendant denies that Plaintiff ever requested Saturdays off for religious reasons and denies that he was given Saturdays off for religious reasons. Defendant denies the remaining allegations in Paragraph 17.

18. The allegations in Paragraph 18 are denied, except that Defendant admits that there were occasional times during his employment when Plaintiff was required to work on Sunday afternoons.

19. The allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 are denied.

21. The allegations in Paragraph 21 are denied, except that Defendant admits that there were occasional times during his employment when Plaintiff was required to work on Saturdays or Sunday afternoons.

22. Denied, except Defendant is without specific information or knowledge as to whether Plaintiff anonymously contacted the Business Integrity Hotline and, if so, what he reported.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied, except that Defendant admits that Ms. Davis reminded Plaintiff of Defendant's policy that requires employees to make written requests for time off from work.

25. The allegations in Paragraph 25 are denied.

26. The allegations in Paragraph 26 are denied.

27. Defendant admits that Plaintiff was scheduled to work from 8:00 a.m. to 4:30 p.m. on Saturday, April 20, and from 7:30 a.m. until 3:30 p.m. on Sunday, April 21. Defendant denies the remaining allegations in Paragraph 27.

28. The allegations in Paragraph 28 are denied.

29. Defendant is without specific information or knowledge to admit or deny the allegations in Paragraph 29 of the Complaint, except that Defendant denies that Plaintiff was ever told he would have a "set work schedule."

30. Defendant is without specific information or knowledge to admit or deny when Plaintiff learned he was scheduled to work on Saturday and Sunday, May 4-5, 2002. Defendant admits that Plaintiff was scheduled to work on both Saturday and Sunday, because he had formally requested Wednesday, May 8, 2002 off and was told at the time he made that request that he would not be granted any more than two days off for that week (the Wednesday and his usual Friday). Defendant denies the remaining allegations in Paragraph 30.

31. Defendant admits that he Plaintiff requested a schedule change as to Sunday, May 5, and that his request was denied. The remaining allegations of Paragraph 31 are denied.

32. Defendant admits that Plaintiff resigned on May 5, 2002 and submitted a resignation letter, the contents of which speak of itself. Defendant denies that the reasons given by Plaintiff are accurate.

33. The allegations in Paragraph 33 are denied.

34. The allegations in Paragraph 34 are denied.

35. Defendant incorporates by reference its responses in the previous Paragraphs.

36. The allegations in Paragraph 36 are denied.

37. The allegations in Paragraph 37 are denied.

38. The allegations in Paragraph 38 are denied.

39. Defendant incorporates by reference its responses in the previous Paragraphs.

40. The allegations in Paragraph 40 are denied.

41. The allegations in Paragraph 41 are denied.

42. The allegations in Paragraph 42 are denied.

43. Defendant incorporates by reference its responses in the previous Paragraphs.

44. The allegations in Paragraph 44 are denied.

45. The allegations in Paragraph 45 are denied.

46. The allegations in Paragraph 46 are denied.

Any allegation not specifically admitted herein should be deemed denied.

## PRAYER FOR RELIEF

Defendant denies that it is liable to Plaintiff for any reason. Plaintiff is not entitled to any of the relief requested in the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Some or all of Plaintiff's claims are not actionable because the employment actions challenged therein are justified by legitimate, non-discriminatory and non-pretextual business reasons and were based upon reasonable factors other than Plaintiff's religion.

### FOURTH DEFENSE

Plaintiff's Complaint is barred in whole or in part by the applicable statutes of limitations.

### FIFTH DEFENSE

Some or all of Plaintiff's claims cannot be litigated because they are beyond the scope of his administrative charge.

### SIXTH DEFENSE

Plaintiff has failed to mitigate the damages, if any, that he claims against Defendant.

### SEVENTH DEFENSE

This Court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiff.

### EIGHTH DEFENSE

Plaintiff is not entitled, on the law and/or the facts, to punitive damages.

### NINTH DEFENSE

Defendant's actions were done in good faith, without malice and without intent such that the relief sought (including but not limited to punitive damages) is not available.

### TENTH DEFENSE

The accommodation requested by Plaintiff would result in undue hardship on Defendant under Section 701(j) of Title VII, 42 U.S.C. § 2000e(j)

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's claims with prejudice, award Defendant its costs and reasonable attorneys' fees incurred in this lawsuit, and allow Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/ s /

Todd J. Horn (signed with permission by Christine P. D'Elicio)
Bar No. 06849

/ s /

Christine P. D'Elicio
Bar No. 25505
Venable, Baetjer and Howard, LLP
Two Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400
(410) 244-7742 -- fax

Counsel for Defendant,
Courtyard Management Corporation.

BA2/215047